UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, and SCOTT J. REDMAN,

        Plaintiffs,

v.                                                  Case No. 19-cv-829-pp

JARAMILLO CONTRACTORS, INC.,

        Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 11) AND DISMISSING CASE**

On June 3, 2019, the plaintiffs filed a complaint against Jaramilo Contractors, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132. Dkt. No. 1. The plaintiffs requested entry of default on August 22, 2019, dkt. no. 5, and the clerk entered default on August 23, 2019. The same day, the plaintiffs filed a motion for default judgement, dkt. no. 11, along with affidavits in support of their request for unpaid contributions, interest, damages and reasonable attorney fees, dkt nos. 8, 9. To date, the defendant has not appeared. The court will grant the motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

1

court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on June 3, 2019. Dkt. No. 1. On June 10, the plaintiffs filed and affidavit of service. Dkt. No. 4. The affidavit indicated that the process server served the summons and complaint on "Francisco Jaramillo, Owner" on June 5, 2019. Id. The Wisconsin Department of Financial Institutions' web site indicates that Francisco Jaramillo, Sr. is the registered agent for the defendant. https://www.wdfi.org. The defendant's answer was due within twenty-one days of that date—in this case, by June 26, 2019.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are

unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint states a claim that defendant Jaramillo Contractors, Inc., violated ERISA by failing to make timely and prompt contributions on behalf of employees to the plaintiff funds. Dkt. No. 1 at 5. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages and reasonable attorney's fees and costs of the action. 29 U.S.C §1132(g)(2).

The motion for default judgment and supporting affidavits contain an accounting of plaintiff's damages and attorney's fees and costs. Dkt. Nos. 8, 9, 11. The plaintiffs' attorney submitted itemized attorney's fees in the amount of $1,296. Dkt. No. 8-2 at 2. The plaintiffs also submitted an affidavit with supporting attachments for audits covering the period from January 1, 2017 through September 30, 2018. Dkt. No. 9. The court **FINDS** that the defendant owes the plaintiff $2,437.35 for damages and $1,045.29 for interest. In addition, the court **APPROVES** an award of $1,296 in attorney's fees. The amount of damages, interest, and attorney's fees totals $4,778.64.

**III.  CONCLUSION**

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 11.

The court **ORDERS** that default judgment shall enter in favor of the plaintiffs and against the defendant in the amount of $4,778.64.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of November, 2019.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**